## WILLIAM A. RICHARDSON *vs.* ELISHA COPELAND.

A steam engine set upon a granite block and fastened down by a bolt, and a boiler set in bricks in such a manner that it cannot be removed without taking down the bricks, and both used for running machinery in an adjoining shop, become a part of the realty; and evidence of a general usage and custom between manufacturers and purchasers of such property to regard it as personalty is incompetent; and a mortgage thereof to the manufacturer, as personal property, executed contemporaneously with the bill of sale from him, after the engine and boiler have been put in operation, passes no title in them as against a subsequent purchaser of the real estate, though with notice of the mortgage.

ACTION OF TORT for the conversion of a steam engine and boiler, which were manufactured and set up by John Putnam and others, under a contract with Josiah Richardson, upon his land in Leominster, in a building erected for the purpose of receiving them, and were used to run the machinery in the adjoining shop of said Richardson. The boiler was set into the brick work in such a manner that it could not be removed without taking down the brick work; and the engine was placed upon a granite block, and fastened by a bolt or pin. After the work was finished and the engine was in operation, said Putnam and others gave a bill of sale of the engine and boiler to Richardson; and at the same time received back a mortgage thereof, which was recorded as a mortgage of personal

property; and afterwards, upon breach of the condition thereof due notice was given of intention to foreclose the same as such a mortgage. Richardson subsequently became insolvent, and said real estate was sold by his assignees by order of the commissioner, on the petition of mortgagees thereof, (some of whose mortgages were made before the erection of the engine and boiler, and some since,) to one Harlow, who had full knowledge of the mortgage to Putnam and others, and of the proceedings thereon, and who afterwards sold the engine and boiler to the defendant, to be taken away, and the defendant removed them. The plaintiff afterwards purchased all the rights of Putnam and others, and gave notice thereof to the defendant, and demanded the property of him.

The plaintiff also offered to prove that, by the general usage and custom of trade between manufacturers and vendees of such property, it was regarded and treated in all respects as personal property. But the court of common pleas held the evidence incompetent.

The parties submitted the foregoing case to this court, with an agreement that if, upon the facts stated, the action could be maintained, or if the evidence offered was competent, the case should stand for trial; otherwise, judgment for the defendant.

*N. Wood*, for the plaintiff.

*J. W. Fletcher & C. Devens, Jr.* for the defendant.

SHAW, C. J. This is an action of tort, in the nature of trover, to recover the value of a steam engine and boiler. To maintain this action, the plaintiff must prove property in himself, and a conversion by the defendant.

Upon the facts stated, the court are of opinion that the engine and boiler, having been erected on the premises of Josiah Richardson, of which he was then the owner in fee, subject to several mortgages, became annexed to the freehold. *Winslow v. Merchants' Ins. Co.* 4 Met. 306. This real estate comprised a manufactory occupied and carried on by said Richardson, and the engine was erected to furnish power for such manufactory. The steam boiler was permanently set in brick work, and could not be removed without taking down the brick work, and the

engine was permanently annexed· to the buildings. This permanent annexation of the engine and boiler to the freehold, *de facto*, rendered them part of the realty; and his agreement with the builders to give them a mortgage thereon as personal property, as against all those who took title to the estate in fee, was inoperative and void. No title to these articles passed as personal property to the mortgagees, which they could assert against a third party. The engine and boiler thus remained part of the realty till Josiah Richardson became insolvent, and the estate passed to his assignees, subject to the right of the mortgagees of the real estate; it was rightly sold by order of the commissioner, on their petition, and a good title passed to Harlow, the purchaser. He afterwards severed them, and thus reconverted them into personal property, as he lawfully might, and sold them to the defendant, who thereby took a good title.

The evidence of usage was rightly rejected; it could not be eceived to control the operation of law, arising from the actual annexation of the engine and boiler to the freehold. If it be said, it might have tended to show the intent of the parties; the answer is, that the intent of the parties was manifest enough from the agreement of the parties and the mortgage. But the difficulty was, (by mistake of the law, no doubt,) that this inten tion was one which the law could not carry into effect, that of hypothecating a portion of the realty, as personal property, with out severance.

The fact, that Harlow had full knowledge of the history of the mortgage, did not impair his right to be a purchaser.

It is to be observed, as a fact important to the present case, that the engine and boiler were purchased and set up in the factory by one who himself owned the freehold. Had they been so bought and placed by a tenant on leased premises, the case might have presented a different question.

*Judgment for the defendant.*